UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELPHI AUTOMOTIVE SYSTEMS, LLC,

    Plaintiff,

v.

    Case No. 09-12257

    Honorable Patrick J. Duggan

P&J INDUSTRIES, INC.,

    Defendant.
_____/

### OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 21, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Delphi Automotive Systems, LLC ("Delphi") filed this lawsuit on June 11, 2009, alleging that P&J Industries, Inc. ("P&J) breached a settlement agreement. Presently before the Court is a Motion for Summary Judgment filed by Delphi on August 13, 2009. P&J failed to respond to the motion and, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court dispensed with oral argument. For the reasons set forth below, the Court grants Delphi's motion.

### I. Background

In May 2007 Delphi Thermal, a division of Delphi, entered into a requirements contract with P&J for tin coating services. In January 2008, Stewart EFI Finishings, LLC

("Stewart") acquired P&J's El Paso, Texas, operation and, apparently, the aforementioned contract which remained in effect. In the months that followed Stewart's acquisition, Delphi continued inadvertently to issue payments on the requirements contract to P&J. Between February and August 2008, P&J forwarded Delphi's payments to Stewart. Beginning in September 2008, however, P&J began depositing incoming payments in its own account. In the end, P&J deposited $174,135.56. Without recovering those funds, Delphi made another payment to Stewart in the same amount in order to maintain a positive work relationship with Stewart.

On April 7, 2009, Delphi filed a complaint in this Court seeking recovery of the payments intended for Stewart. Before service of that complaint on P&J, the parties entered into a Settlement Agreement and Mutual Release setting forth, among other things, a monthly payment plan by which P&J would repay the deposited funds. (Compl. Ex. 2.) Pursuant to that agreement, P&J paid Delphi $30,000 on or about May 1, 2009. On May 19, 2009, Delphi filed a voluntary dismissal with prejudice of the April 7 complaint.

In June 2009, P&J failed to make its monthly payment as required by the Settlement Agreement. As a result, Delphi filed the present lawsuit on June 11, 2009, alleging breach of the agreement and seeking recovery of $145,000.

## II. Standard of Review

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient

2

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2).

**III. Analysis**

In the present case, Delphi presented sufficient evidence—the Settlement Agreement and an affidavit from a Delphi representative—to satisfy its initial burden on the motion for summary judgment but P&J failed to file a response identifying a genuine issue for trial. (Compl. Ex. 2; Affidavit of Robert B. Kelly.) Much to the contrary, P&J's answer to the complaint tends to confirm the validity of Delphi's claim.

In its answer, P&J admits that the settlement agreement is valid and enforceable, that Delphi fully performed under that agreement, and that it—P&J—failed to make its June 2009 payment. (Answer ¶¶ 11, 13.) P&J also asserts that the "Agreement speaks

3

for itself" but ultimately denies that the failure to pay resulted in breach of the agreement. (*Id.* ¶¶ 9, 14-15.) The Court agrees that the "Agreement speaks for itself." Pursuant to the Court's understanding of the agreement, P&J was to make payments of approximately $30,000 on the first of every month between June and October 2009. Including the interest provided for in the agreement, the required payments for those months combine to $145,188.24. Without explanation from P&J as to why its admitted failure to pay should not be viewed as a breach of an admittedly valid agreement, the Court concludes that Delphi is entitled to judgment as a matter of law.

Accordingly,

**IT IS ORDERED** that Delphi's motion for summary judgment is **GRANTED** and, pursuant to Delphi's request for relief, Delphi is awarded $145,000.00.

A judgment consistent with this order shall issue.


                    s/PATRICK J. DUGGAN
                    UNITED STATES DISTRICT JUDGE

Copies to:
Joseph E. Papelian, Esq.
Douglas W. King, Esq.